IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

          v.

RICHARD C. FORD,

          Defendant.

      :
      :    I.D. No. 1907007166
      :    Kent County
      :
      :
      :
      :

Submitted: January 17, 2020
Decided: January 27, 2020

**ORDER**

Upon Defendant's Motion to Compel
*Denied.*

Alicia A. Porter, Esquire, Department of Justice, Dover, Delaware; attorney for the State.

James E. Liguori, Esquire of Liguori & Morris, Dover, Delaware; attorney for Defendant.

WITHAM, R.J.

## INTRODUCTION

Presently before the Court is Defendant, Richard C. Ford's (hereinafter "Defendant") Motion to Compel pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure (hereinafter "Rule 16"). After considering the Defendant's Motion and the State's Response in Opposition, it appears to the Court that:

## FACTS AND PROCEDURE

1. Defendant, who was charged with several sexual offenses, was arrested on July 12, 2019, and was indicted on October 7, 2019.[1] Defendant's attorney wrote a preservation letter to the State on July 18, 2019, requesting to preserve social media information of the alleged witnesses and victims.[2] Defendant's attorney filed a formal request for Discovery on October 15, 2019, which also included a request to produce the social media information.[3] The State responded to Discovery but failed to produce the social media information.[4]

## PARTIES' CONTENTIONS

2. Defendant argues that the State should have preserved the social media accounts of the alleged witnesses and victims in this case.[5] Defendant also claims that

---

[1] *See* Defendant's Motion to Compel (hereinafter "D's Mot.") ¶ 1.

[2] *Id.* ¶ 2.

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 5-6

[5] *See Id.* ¶ 2.

2

he is entitled to this information under *Brady v. Maryland*, 373 U.S. 83 (1963) and *U.S. v. Agurns*, 427 U.S. 97 (1976).[6] The State claims that the cases cited by Defendant do not apply because the State does not (and did not) control the information Defendant is seeking.[7] The State further claims that to access the social media accounts, it would have to have a probable cause, and Defendant did not provide the State with any information necessary for that.[8] The State also claims that Rule 16 does not apply to this request because, again, the information Defendant is seeking is not in the State's control.

## STANDARD OF REVIEW

3. The discovery rule that appears to be pertinent to this case is Rule 16(a)(1)©. The rule, entitled "Documents and Tangible Objects," provides: "Upon request of the defendant the state shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, *which are within the possession, custody or control of the state*, and which are material to the preparation of the defendant's defense or are intended for use by the state as evidence in chief at the trial, or were obtained from or belong to the defendant."[9] Furthermore, "[i]f a party fails to comply

---

[6] *Id.* ¶ 6.

[7] State's Response to Defendant's Motion to Compel (hereinafter "State's Response") ¶ 2-4.

[8] *Id.* ¶ 5-6.

[9] Super. Ct. Crim. R. 16(a)(1)(D) (emphasis added).

with a request the opposing party may move for an order compelling compliance with the request."[10]

## DISCUSSION

4. In this case, Defendant is not entitled to the information from the State that the State does not and did not control. "A prosecutor does not violate the constitutional duty of disclosure unless his omission is sufficiently significant to result in the denial of the defendant's right to a fair trial."[11] It is important to note that a defendant has a constitutional right to access evidence that is subject to disclosure pursuant to Rule 16.[12] Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[13] The State should also gather and preserve such evidence if it is readily available to the State.[14]

5. However, both *Brady* and Rule 16 only apply to the evidence that the State

---

[10] Super. Ct. Crim. R. 16(b)(3)(C).

[11] *Agurns*, 427 U.S at 98.

[12] *State v. Hill*, 2011 WL 2083949 at *4 (Del. Super. Apr. 21, 2011) (citing *Deberry v. State*, 457 A.2d 744, 751–52 (Del.1983)).

[13] *Brady*, 373 U.S. at 87.

[14] *Schaffer v. State*, 2018 WL 1747793 at *2 (Del. Apr. 10, 2018) (citing *Deberry v. State*, 457 A.2d 744 (Del. 1983); *Lolly v. State*, 611 A.2d 956 (Del. 1992)).

4

is in possession or control of.[15] Possession and control also covers situations where the State has ready access to the evidence.[16] Accordingly, it follows that the State must gather, preserve, and disclose the evidence that it has ready access to. However, the State has no such duty when it comes to the evidence that is "further afield, like surveillance videos in the hands of private parties or information from a victim's social media account."[17] Therefore, the issue becomes whether the State had possession or control of the evidence Defendant is seeking.

6.      In this case, the evidence in question consists of the social media information that is controlled and serviced by a private agency, as well as private text messages between the alleged victims. The State was never in possession of this evidence, and the State does not have ready access to such information. Therefore, under the principles of *Brady* and *Schaffer*, the State is not required to produce this information to Defendant. Imposing such an obligation on the State would be impractical, and it would open the door to unreasonable amount of requests from defendants to produce evidence. Defendant, of course, can seek this information through other appropriate means within his control. However, if the State possesses the evidence at any point or has ready access to it, the State should preserve it and produce it to Defendant.

---

[15] *See Id.* at *3-4.

[16] *Id.* at *3.

[17] *See Id.* at *5.

7. Defendant's motion was passed on January 10, 2020 as the State voluntarily agreed to contact particular people to comply with Defendant's request. It was determined by the State's investigator that no further social media postings will be provided. This information requested by the defense is not in the State's possession and indeed may not even be physically available.[18]

## CONCLUSION

For the reasons mentioned above, the Court **DENIES** Defendant's Motion to Compel.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Alicia A. Porter, Esquire
       James E. Liguori, Esquire

---

[18] *See* Exhibit 1, Hearing on Jan. 17, 2020.